ATTORNEY FOR APPELLANT
Bryan Lee Ciyou
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Roger A. Young
Young & Young
Franklin, Indiana

ATTORNEY FOR APPELLEE/INTERVENOR
Melanie K. Reichert
Broyles Kight & Ricafort, LLP
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 49S02-0602-JV-69

JASON EDWARD FUCHS,                                    *Appellant (Petitioner below),*

v.

MEGAN MARTIN,                                          *Appellee (Respondent below).*
  and
CHERYL MARTIN,                                         *Appellee (Intervenor below).*

Appeal from the Marion Superior Court, No. 49D04-0008-JP-1263
The Honorable Cynthia Ayers, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0411-JV-936

**April 20, 2006**

**Dickson, Justice**.

We granted transfer in this paternity case to address the power of a trial court to order mediation (a) in a manner not explicitly authorized by local court rules and (b) as a prerequisite to filing motions or otherwise seeking judicial action following the commencement of a case.

This is an appeal from the final judgment in a paternity case that was brought by the father, petitioner-appellant Jason Edward Fuchs. The trial court's detailed judgment established

paternity as agreed by the parties, declared that the parties shall have joint legal custody, and as-signed "primary legal and physical custody" to the mother, respondent-appellee Megan Martin. Appellant's App'x. at 31. It also delineated parenting time arrangements; required support and health insurance to be provided by the father; and prescribed specific division of "[e]xtra curricu-lar and activity expenses," uninsured medical expenses, and attorney fees as between the mother and father. *Id.* at 32-33. The judgment ordered the mother and father to attend a specific "high-conflict resolution co-parenting program" and also to participate in a specific family counseling program with their child. Finally, with regard to any further disputes, the order provided:

> The parties are first to attempt to settle any further disputes concerning [their child] them-selves. If they fail to agree, then the parties are ordered to submit future conflicts and parenting disputes to mediation with either Susan Macey or David Rimstidt at Van Win-kle Baten & Rimstidt Dispute Resolution. . . . The parties are to pay for mediation fees and costs at the rate of 69% for Father and 31% for Mother. The parties are not to return to court for adjudication of any dispute without first submitting the same to mediation.

*Id.* at 33.

The father appealed, challenging the trial court's judgment as to custody, parenting time credit, and mandatory mediation. The Court of Appeals affirmed the trial court's custody deci-sion, ordered a modification of the parenting time credit calculation, and reversed the mandatory mediation provision. Fuchs v. Martin, 836 N.E.2d 1049 (Ind. Ct. App. 2005). We granted trans-fer and now summarily affirm the Court of Appeals as to custody and parenting time credit. Indiana Appellate Rule 58(A)(2).

With respect to the mandatory mediation provision, there are three issues: (1) whether a court order, or a local court rule, may require mediation as a precondition to court *hearings*; (2) whether mediation may be required as a precondition for the *filing* of post-decree proceedings; and (3) whether a trial court must be authorized by local rules before ordering mediation.[1]

**Mediation as Prerequisite to Hearings**

---

[1] The father does not challenge, nor do we address, whether the trial court erred in its designation of two named mediators in the event the parties are unable to otherwise agree. We note, however, that the designation and selection of mediators is governed by Indiana Alternative Dispute Resolution Rule 2.4.

2

The father urges that any requirement for mandatory mediation, as a prerequisite to court hearings, whether by court order or local rule, is an improper restriction upon litigants' access to courts. He also makes a general claim that such a requirement violates Article 1, Section 12, of the Indiana Constitution.[2]

Indiana judicial policy favors the effective use of mediation. Indiana Alternative Dispute Resolution Rule 2.2 authorizes a court "on its own motion" to refer a civil or domestic relations case to mediation and establishes a procedure for consideration of any objection thereto. Section I(E)(2) of the Indiana Parenting Time Guidelines explicitly declares: "If court action is initiated, the parents shall enter into mediation unless otherwise ordered by the court." The best interests of Indiana citizens and sound judicial administration are well-served when trial courts fully utilize and promote the use of mediation, which can be an enormously effective tool to facilitate the amicable resolution of disputes, to enable parties to meaningfully participate in crafting solutions that best serve their respective interests, to reduce points of contention that would otherwise require a court hearing, to minimize the destructive polarization that can accompany contested adversarial proceedings, to resolve disputes often more expeditiously and less expensively than by protracted litigation and trial proceedings, to equip parties with dispute resolution skills, and to relieve crowded trial dockets thus enabling courts to provide necessary trials more promptly. When a dispute is referred for mediation, the parties are required to mediate in good faith, but they are not compelled to reach an agreement. A.D.R. 2.1. Not surprisingly, it has become commonplace for Indiana trial courts to require parties to engage in mediation before proceeding to contested final hearings.

Such a requirement is not an impediment to a party's access to courts. Rather, it is an appropriate procedural step consistent with the efficient judicial administration of the party's case. An order to mediate is not unlike the requirements imposed by our rules governing discovery and other pre-trial procedure. Such obligations, while prerequisites for eligibility for final hearings, merely facilitate the fair resolution of disputes. They do not prevent a party from obtaining a ju-

---

[2] Article 1, Section 12 of the Indiana Constitution provides:
All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

dicial resolution of a case nor obstruct a party's access to the courts. The father has not demon-strated any violation of Article 1, Section 12, of the Indiana Constitution.

We hold that trial courts and local court rules may require parties to engage in mediation as a prerequisite to contested court trials or hearings.

### Mediation as Prerequisite to Filing Post-Judgment Requests

The Court of Appeals viewed the trial court's prospective mediation order as suggesting that the parties "are prohibited from filing any matters in the trial court prior to engaging in me-diation." Fuchs, 836 N.E.2d at 1059. The pertinent actual language in the judgment was: "The parties are not to return to court for adjudication of any dispute without first submitting the same to mediation." Appellant's App'x at 33. If the phrase "return to court for adjudication" is con-strued to mean *final* adjudication, the requirement is clearly appropriate, as discussed above. But, if understood to require mediation of any post-judgment dispute as a prerequisite to filing a request for post-judgment proceedings, the nature of the restraint imposed by the order would be somewhat altered.

We observe that courts are authorized to refer cases to mediation only after the expiration of fifteen days "after the period allowed for peremptory change of judge under Trial Rule 76(B)." A.D.R. 2.2. And mediation of parenting time issues is mandated only "[i]f court action is initi-ated." Parenting Time Guidelines § I(E)(2). There may be cases in which it would be advisable for parties to submit their dispute to mediation before commencing an action in court,[3] but there is no authority for courts to impose any such requirement as a prerequisite for the initial filing of a new action.

A judicial requirement for mediation as a precondition to a party filing requests for court action after the initial commencement of a case, however, does not run afoul of our rules, so long

---

[3] Indiana ADR Rule 8 declares that "[t]he voluntary resolution of disputes in advance of litigation is a laudatory goal" and establishes an optional methodology for the mediation of disputes not in litiga-tion. Use of such optional early mediation, however, is entirely voluntary and requires mutual agreement to use the provisions in the rule.

4

as it complies with the timing requirements in A.D.R. 2.2 and contemplates the right of any party to file a written objection, with the court ruling thereon after consideration of

> the willingness of the parties to mutually resolve their dispute, the ability of the parties to participate in the mediation process, the need for discovery and the extent to which it has been conducted, and any other factors which affect the potential for fair resolution of the dispute through the mediation process.

A.D.R. 2.2. Such an order does not impair a party's right to commence a case in court. Even in the absence of any objection, a trial court ordering such prerequisite mediation will have had an opportunity to first ascertain the nature of the dispute and the circumstances of the parties before determining the probable wisdom and value of such an order.

We conclude that a trial court may, in the exercise of sound discretion in discrete cases, order mediation as a prerequisite to the filing of requests for future proceedings therein.

### Authorization from Local Rules Not Needed

The Court of Appeals, in reversing the trial court's mediation order, expressed its belief that the order was "unsupported" by two local court rules. One rule provides:

> **Mandatory Mediation**. Parties must submit all contested final hearing issues requiring two (2) hours or more of court time and all non-contempt post-decree child related issues to mediation prior to presenting the issues to the court for hearing, unless this rule is waived for good cause shown after written request by a party. The court may in its discretion assign matters to mediation at any stage of the proceeding.

Marion Circuit and Superior Family Law Rule 2(H). In addition, Rule 16.3(C)(2) of the Marion Circuit and Superior Court Civil Division Rules provides: "Parties must submit post-decree child related issues to mediation prior to presenting such issues to the Court for hearing, unless this rule is waived for good cause shown." Noting that both of these rules apply to mandatory mediation prior to a matter being submitted to the court "for hearing," the Court of Appeals concluded that the rules "were not meant to prohibit a party from filing motions with the court," and thus that the trial court's "preemptive order of mediation is not supported by the Marion County rules." Fuchs, 836 N.E.2d at 1059.

5

Trial courts may "regulate local court practice by adopting . . . local rules not inconsistent with . . . Rules of the Indiana Supreme Court." Ind. Trial Rule 81(A). Although this rule provides that courts are presently "strongly encouraged" to adopt a single set of local rules,[4] which "may reflect different practices due to geographic, jurisdictional and other variables," we hold that the power of an individual trial court to order mediation in a specific case is not limited by such rules. The fact that local rules may establish a general requirement for mediation in some situations does not limit a court from ordering it under other circumstances.

The Marion County local rules, while prescribing mediation before court hearings on certain disputes, create a minimum general requirement for mediation, absent good cause shown to the contrary, but these rules do not limit trial judges from otherwise requiring mediation in other circumstances in individual cases. The trial court's authority to order preliminary mediation as a prerequisite to seeking court resolution of the parties' post-decree disagreements did not require authorization from the local rules, and it was not precluded by those in Marion County.

## Conclusion

As concluded by the Court of Appeals and summarily affirmed by this Court, the trial court judgment is affirmed as to its order of joint legal custody with primary physical custody in the mother, and the parenting time credit is reversed and remanded to the trial court to enter a corrected support order. We affirm the trial court's order requiring the parties to submit future conflicts and parenting disputes to mediation as a prerequisite to trial court adjudication of such disputes.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[4] Local rules are required after January 1, 2007. T.R. 81(A).